IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL 400,<br><br>    Plaintiff,<br><br>    v.<br><br>CVC CAPITAL PARTNERS PLC d/b/a LIPTON TEAS AND INFUSIONS,<br><br>    Defendant. | Case No. 2:25-cv-216 |

## OPINION & ORDER

Plaintiff United Food and Commercial Workers Union Local 400 filed a motion to compel arbitration on a dispute over Defendant Lipton Teas and Infusion's termination of an employee. ECF No. 1. The parties dispute only whether timeliness of the Union's grievance submission is an issue of arbitrability or whether it is a procedural question related to the merits of the discharge challenge. Based on the language of the parties' agreement, the Court finds that timeliness of a grievance is a threshold question of arbitrability and therefore is subject to a judicial decision. Because the Union fails to demonstrate that it filed a timely grievance, the motion to compel arbitration will be **DENIED**.

### I. BACKGROUND

On July 18, 2024, Lipton discharged an employee named Phoenix Long because of his alleged involvement in an altercation with another employee. ECF No.

22-1 (termination notice)[1]; ECF No. 1-15 ¶ 4. On August 16, 2024, the Union submitted a grievance regarding the termination. ECF No. 1 ¶ 7; ECF No. 1-6 (grievance letter). Lipton responded that the grievance was untimely and refused to arbitrate the matter. ECF No. 1 ¶ 8. The Union sought to appeal to an arbitration panel, but Lipton refused to participate in selecting an arbitrator for the appeal, asserting that untimeliness of the grievance made the Union ineligible to invoke the agreement's arbitration clause. *Id.* ¶ 9, 11, 13.

## II. LEGAL STANDARD

"Under the [Federal Arbitration] Act, arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms." *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 586 U.S. 63, 67 (2019); *Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd.*, 130 F.4th 396, 401 (4th Cir. 2025); *see* 9 U.S.C. § 2. A party seeking to enforce an arbitration agreement may seek a court order "directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

In deciding a motion to compel arbitration, a district court's first task is to "determine[] whether a valid arbitration agreement exists." *Coinbase, Inc. v. Suski*,

---

[1] The Court ordered the parties to provide a copy of any written notice of discharge Lipton sent to Long. ECF No. 20 at 1. Lipton supplied a copy of the email in which it communicated the employment decision. ECF No. 21-1. Instead of complying with the Order (or notifying the Court that it could not), the Union submitted a filing in which it argued a new reason the Court should find in its favor on the motion to compel arbitration. ECF No. 21 at 1 (asserting that its "apparent non-possession of the original termination notice raises another procedural issue for the arbitrator to decide"). To the extent the Union's new argument is about whether Long received notice of the termination decision, the Court addresses that in footnote 2, *infra*. Insofar as the Union raises a new issue that was not presented in the original motion to compel arbitration, that issue is not properly before the Court.

602 U.S. 143, 149 (2024) (quotation marks and citation omitted); *Berkeley Cnty. Sch. Dist.*, 130 F.4th at 402. If the answer is yes, then the court asks who decides whether the parties' contract provides for arbitration on a particular issue—the court or an arbitrator. *See id.* If the former, then the court turns to a third question: whether the parties' particular dispute is covered by the arbitration agreement. All of these questions are matters of contract interpretation. *Id.* at 402.

To determine "who has the primary power to decide arbitrability," courts ask whether "the parties agree[d] to submit the arbitrability question itself to arbitration" by including a "delegation clause." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) (emphasis removed); *Modern Perfection, LLC v. Bank of America, N.A.*, 126 F.4th 235, 241 (4th Cir. 2025). "Courts should not assume that the parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that they did so." *First Options*, 514 U.S. at 944 (quotation marks and citation omitted). "If the parties did not agree to submit the arbitrability question itself to arbitration, then the court should decide that question . . . independently." *Modern Perfection,* 126 F.4th at 241 (quoting *First Options*, 514 U.S. at 943) (cleaned up).

"Federal law reverses the presumption" when it comes to whether the parties to a valid arbitration agreement contracted to arbitrate their particular conflict on the merits: The merits of the parties' dispute should be submitted to an arbitrator "unless the parties have clearly indicated otherwise." *Peabody Holding Co., LLC v. United Mine Workes of Am., Intern. Union*, 665 F.3d 96, 104 (4th Cir. 2012); *see First Options*, 514 U.S. at 944–45. So "an order to arbitrate the particular grievance should not be denied unless . . . the arbitration clause is not susceptible of an interpretation

3

that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'n's Workers of Am.*, 475 U.S. 643, 650 (1986) (cleaned up); *Peabody*, 665 F.3d at 104.

Once a court decides that "the subject matter of a dispute" is covered under an arbitration contract, "procedural questions [that] grow out of the dispute and bear on its final disposition should be left to the arbitrator" as well. *Int'l Union of Operating Engineers, Loc. 150, AFL-CIO v. Flair Builders, Inc.*, 406 U.S. 487, 490 (1972). Specifically, in the Fourth Circuit, "all questions of delay which relate to issues which the parties have agreed to submit to arbitration are to be resolved by the arbitrators, not the court." *Glass v. Kidder Peabody & Co.*, 114 F.3d 446, 456 (4th Cir. 1997) (cleaned up).

### III. ANALYSIS

The parties do not dispute that they have a valid arbitration contract. *See generally* ECF No. 1-3; ECF No. 10. Nor do they disagree that questions of arbitrability are for the court to decide. *See* ECF No. 1-3 at 7; ECF No. 10 at 5; *see also* ECF No. 1-4 §§ 14.2, 15.1 (containing no delegation clause). Likewise, there is no conflict over whether the merits of Lipton's decision to discharge Long are arbitrable: They clearly are. *See* ECF No. 1-3 at 6; ECF No. 10 at 9; *see also* ECF No. 1-4 § 14.2 (permitting the Union to "appeal to arbitration" "[i]f no satisfactory settlement [of a grievance] is reached"). The question here is whether a time bar on the Union's grievance is an issue of arbitrability (which the Court would decide) or a procedural question related to the merits of the dispute (which would be for the arbitrator). *Compare* ECF No. 10 at 8–9 (arguing since "there is no delegation clause . . . that . . . directs [the] issue to be determined by an arbitrator," the Court should decide

4

whether the untimeliness of the grievance blocks the Union from proceeding to arbitration); *with* ECF No. 1-3 at 7 (contending that "the issue of whether a grievance was timely submitted is a matter of procedural arbitrability for the arbitrator . . . to resolve"). The Court finds that timeliness of the Union's grievance submission is a threshold issue of arbitrability.

The parties' agreement lays out a four-step process for resolving a dispute. ECF No. 1-4 at 21–22. That process is entirely procedural: None of the steps are contingent on a merits determination; the process applies to "any grievance," regardless of its source; and the process continues as long as there is no "satisfactory settlement"—without reference to what it means for a party to be 'satisfied.' *Id.* at 21.

Arbitration is accessible only at Step 4. *See* ECF No. 1-4 at 22. Therefore, a dispute that does not reach Step 4 is not arbitrable.

Because the agreement lays out the dispute process sequentially—and explicitly indicates when a step is to be skipped, *see* ECF No. 1-4 at 21—the Court finds that the parties intended the order of the steps to be binding. In other words, the parties intended for the relief provided at Step 4 to be accessible only upon completion of Step 3.

To access Step 3 in the case of a discharge dispute, the agreement unambiguously requires the Union to "file a written grievance . . . within seven [] business days of the discharge." ECF No. 1-4 at 21. Therefore, whether the Union timely filed its grievance determines whether it can ever get to Step 4, where arbitration becomes available.

While the question of whether a grievance filed by the Union is timely may be "procedural," it does not "grow out of [a] dispute" that the parties agreed to arbitrate, because the parties only agreed to arbitrate matters that reach Step 4 of the dispute process—and reaching that step requires timely filing. *Stolt-Nielsen*, 559 U.S. at 685. Likewise, while timeliness of a grievance is a "question[] of delay," it does not "relate to [an] issue[] which the parties have agreed to submit to arbitration." *Glass*, 114 F.3d at 456. In other words, the timeliness of a grievance does not "bear on [the] final disposition" of the merits dispute the grievance raises: It is a condition precedent to reaching the merits dispute at all. *Stolt-Nielsen*, 559 U.S. at 685. Therefore, the timeliness question is not "left to the arbitrator." *Glass*, 114 F.3d at 453. It is a matter of arbitrability.

Having determined that timeliness of the Union's grievance is a question of arbitrability, the Court must determine whether the submission was timely. The parties do not dispute that the Union submitted the grievance regarding Long's discharge 21 days after the discharge itself. *See* ECF No. 1-6; ECF No. 1 ¶ 7; ECF No. 10 at 2 n.2. That was later than the "seven [] business days" required to proceed to Step 3 of the dispute process. ECF No. 1-4 at 21. Because the Union did not satisfy a condition precedent to accessing Step 4, where arbitration would have become available, the dispute in this case is not arbitrable.[2]

---

[2] Though the Union does not raise it explicitly, the Court has considered whether a delay in receiving notice of a discharge decision could toll the time for the Union to file a grievance and, therefore, whether a more fact-intensive inquiry is required to determine whether the Union complied with the conditions for accessing arbitration at Step 4. *See* ECF No. 10 (Lipton asserting that Long's manager attempted to call Long to notify him of the discharge decision but could not reach him and ultimately

Accordingly, the Union's motion to compel arbitration will be **DENIED**.[3]

## IV.   CONCLUSION

Plaintiff United Food and Commercial Workers Union Local 400's motion to compel arbitration (ECF No. 1) is **DENIED**.

The Union's motion to dismiss Lipton's counterclaim (ECF No. 14) is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

/s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
November 12, 2025

---

sent Long an email and a certified letter). But whether Long received notice of his termination the day Lipton issued it does not affect the analysis here. The parties' agreement provides that "[t]he Union must file a written grievance . . . within seven [] business days of *the discharge*," not *notice* of the discharge. ECF No. 1-4 at 21. Therefore, timeliness is strictly a question of the date the Union submitted its grievance relative to the date of the discharge.

[3] The motion to compel arbitration also asks that "Lipton be required to pay the costs of this action, together with . . . reasonable attorney[] fees." ECF No. 1 at 4. The parties' agreement provides that "[t]he expenses of the arbitration and the arbitrator's fee shall be borne equally by the parties," but neither the motion to compel arbitration nor the motion to dismiss is an 'expense of arbitration.' ECF No. 1-4 at 24. And because the Union's motion fails on the merits, the Court finds no other basis to award costs or attorney fees. *Cf. United Food & Com. Workers, Loc. 400 v. Marval Poultry Co.*, 876 F.2d 346, 351 (4th Cir. 1989) (award of attorney fees to the party who *prevails* on a motion to compel arbitration is appropriate only where the opponent's argument had "no reasonably arguable legal support").

7